IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FADI ELSALAMEEN**<br><br>       Plaintiff,<br><br>v.<br><br>**BANK OF PALESTINE, P.L.C.**<br><br>       Defendant. | Case No. 16-cv-1976 (ABJ) |

## STATUS REPORT

Plaintiff Fadi Elsalameen, by and through his undersigned counsel, in accordance with the Court's Order of January 17, 2017, respectfully submits the following status report regarding service of the Complaint and Summons upon Defendant Bank of Palestine, P.L.C.

Mr. Elsalameen is in the process of effecting service on the Bank of Palestine in accordance with the Convention of 15 November 1956 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 658 U.N.T.S. 163 (the "<u>Hague Convention</u>"). Both the United States and the State of Israel are party to Hague Convention. *See* **Exhibit A** (Hague Convention Status Table). The Hague Convention provides that "[t]he . . . judicial officer competent under the law of the State in which the documents originate shall forward to the Central Authority of the State addressed a request conforming to the model annexed to the present Convention, without any requirement of legalization or other equivalent formality." Hague Convention Art. 3.[1] Article 4 of the Hague Convention requires that, "[i]f the Central Authority considers that the request does not comply with the provisions of the present

---

[1] The United States has clarified that "any attorney" is a person "competent to forward service requests pursuant to Article 3" of the Hague Convention. *See* **Exhibit B.**

1

Convention[,] it shall promptly inform the applicant and specify its objections to the request."  If the request complies with the Hague Convention, "[t]he Central Authority of the State addressed shall itself serve the document or shall arrange to have it served by an appropriate agency[.]"  Hague Convention Art. 5.

The State of Israel asserts jurisdiction with respect to service of process under the Hague Convention in areas subject to the jurisdiction of the Palestinian National Authority.  *See* **Exhibit C** (discussing methods of service for "[d]ocuments intended for residents of the Palestinian Authority").  The Israeli Central Authority is Administration of Courts, 22 Kanfei Nesharin Street, Jerusalem 95464, Israel.  *See id.*

Bank of Palestine, P.L.C. is a public shareholding company organized under the laws of the Palestinian National Authority and is headquartered in Ramallah.  *See* Complaint (Dkt. No. 1) ¶ 6.  As an entity in Palestinian territory, Mr. Elsalameen is attempting service on it under the Hague Convention through the Israeli Central Authority.

More particularly, Mr. Elsalameen filed the Complaint on October 5, 2016.  Promptly after filing the Complaint and receiving the executed Summons in a Civil Action (Dkt. No. 2), Mr. Elsalameen caused TransPerfect Legal Solutions to translate the Complaint, Civil Cover Sheet, and Summons into the Hebrew and Arabic languages.  *See* **Exhibits D** and **E**.  Mr. Elsalameen's undersigned counsel received the translations on October 10, 2016.  Also on October 10, 2016, Mr. Elsalameen's undersigned counsel sent, by Federal Express, the Complaint, Civil Cover Sheet, Summons, translations, and a Request for Service Abroad of Judicial or Extrajudicial Documents, *see* **Exhibits F** and **G**, to the Israeli Central Authority requesting that it serve Defendant Bank of Palestine.  Federal Express delivered the foregoing documents to the Israeli Central Authority on October 13, 2016.

The Israeli Central Authority has not informed undersigned counsel that it considers that the request does not comply with the provisions of the Hague Convention or specified any objection to the request.  *See* **Exhibit H** (Declaration of Rory E. Adams).  Accordingly, Mr. Elsalameen understands that the Israeli Central Authority is processing his request and will effect service in accordance with applicable local law.

Federal Rule of Civil Procedure 4(m) provides, "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice[.]"  Rule 4(m) further provides that "[t]his subdivision (m) *does not apply* to service in a foreign country under Rule 4(f) [or] 4(h)(2)."  Fed. R. Civ. P. 4(m) (emphasis added).  Rule 4(h)(2) provides that service upon a corporation, partnership, or other association outside the United States must be effected in the same manner as prescribed in Rule 4(f).  Rule 4(f)(1), in turn, requires service on individuals in a foreign country to be effected "by any internationally agreed means of service . . . such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents[.]"  Fed. R. Civ. P. 4(f)(1).

Mr. Elsalameen respectfully submits that the time limitation in Fed. R. Civ. P. 4(m) is inapplicable here.  Promptly upon filing the Complaint and receiving the Summons, Mr. Elsalameen initiated the process to serve Defendant Bank of Palestine in accordance with the Hague Convention through the Israeli Central Authority.  Accordingly, Mr. Elsalameen respectfully requests that the Court extend the period of time for service until such time as the Israeli Central Authority confirms that it has effected service or indicates that it is unable to effect service.

Dated: February 3, 2017

Respectfully submitted,

**FADI ELSALAMEEN**

By: /s/ Benjamin G. Chew
Benjamin G. Chew (D.C. Bar No. 418577)
Nigel L. Wilkinson (D.C. Bar No. 466221)
Rory E. Adams (D.C. Bar No. 986549)
Manatt, Phelps & Phillips LLP
1050 Connecticut Avenue NW, Suite 600
Washington, DC 20037
Telephone: (202) 585-6511
Facsimile: (202) 585-6600
Email: bchew@manatt.com
Email: nwilkinson@manatt.com
Email: radams@manatt.com

*Counsel for Plaintiff Fadi Elsalameen*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of February, 2017, a true and correct copy of the foregoing will be mailed to the following:

Bank of Palestine, P.L.C.
P.O. Box: 471
Ramallah, Ain Misbah, West Bank
Palestinian Territory

/s/ Benjamin G. Chew
Benjamin G. Chew

4