IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FADI ELSALAMEEN**<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**BANK OF PALESTINE, P.L.C.**<br><br>　　　　Defendant. | Case No. 16-cv-1976 (ABJ) |

## STATUS REPORT AND MOTION TO DEEM SERVICE EFFECTED

Plaintiff Fadi Elsalameen, by and through his undersigned counsel, in accordance with Fed. R. Civ. P. 4(f) and (h), Article 15 of the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, and this Court's Minute Order of March 31, 2017, respectfully submits the following status report and requests that the Court find that service of the Summons and Complaint on Defendant the Bank of Palestine, P.L.C. be deemed effective in this matter. In support of his motion, Mr. Elsalameen provides the following statement of law and points of authority:

### Background

As explained in Mr. Elsalameen's prior status reports of February 3, 2017 (Dkt. No. 6) and March 20, 2017 (Dkt. No. 7), he has attempted to effect service on the Bank of Palestine in accordance with the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 658 U.N.T.S. 163 (the "Hague Convention").

Mr. Elsalameen filed the Complaint in this matter on October 5, 2016. Promptly after filing the Complaint and receiving the executed Summons in a Civil Action (Dkt. No. 2), Mr.

Elsalameen caused TransPerfect Legal Solutions to translate the Complaint, Civil Cover Sheet, and Summons into the Hebrew and Arabic languages.  (Dkt. No. 6, Exhs. D and E).  Mr. Elsalameen's counsel received the translations on October 10, 2016 and, that day, sent the Complaint, Civil Cover Sheet, Summons, translations, and a Request for Service Abroad of Judicial or Extrajudicial Documents to the Israeli Central Authority, requesting that it serve Defendant Bank of Palestine.  (Dkt. No. 6, Exhs. F and G).  Federal Express delivered the Hague Convention Service Request to the Israeli Central Authority on October 13, 2016.  (Dkt. No. 6, Exh. H ¶ 7).  At no time has the Israeli Central Authority informed undersigned counsel, in accordance with Article 4 of the Hague Convention, that it objects to the request for service.  (Dkt. No. 6, Exh. H ¶ 8; Dkt. No. 7, Exh. B ¶ 8).

On October 19, 2016, Mr. Elsalameen's counsel provided a copy of the Complaint and Hague Convention Service Request to Bank of Palestine's District of Columbia counsel, DLA Piper LLP, asking whether Bank of Palestine would accept service of the Complaint through its counsel.  *See* **Exhibit A**.  Bank of Palestine's counsel responded that Bank of Palestine had not authorized its counsel to accept service of process of Mr. Elsalameen's Complaint.  *Id.*  Nevertheless, Bank of Palestine has had notice of the pendency of this action and Mr. Elsalameen's Hague Convention Service Request since October 20, 2016.  *See id.*

On February 3, 2017, after submitting his First Status Report to the Court, Mr. Elsalameen's counsel sent correspondence to the Israeli Central Authority, informing it that the Court had requested a further status report on or before March 20, 2017 and requesting an update regarding service of the Complaint.  (Dkt. No. 7, Exh. B).  Enclosed with the letter was a self-addressed, prepaid FedEx envelope for the Israeli Central Authority to use in sending return correspondence.  *Id.*  The Israeli Central Authority did not respond to that correspondence.  *Id.*

On April 19, 2017, Mr. Elsalameen's counsel emailed the Israeli Central Authority at the email address it provides through the website of the Hague Conference on Private International Law requesting an update on the status of serving the Complaint. **Exhibit B**. On April 20, 2017, the Central Authority's office of Administration of Courts, Legal Assistance to Foreign Countries, responded to Mr. Elsalameen's counsel and informed him that "[y]our request for service the Bank of Palestine was received in our offices and was sent at the 02.11.16 to the relevant authority in the Israeli Ministry of Justice." **Exhibit C.** The email did *not*, however explain how long service would take or when it would be completed. *See id.* Instead, it noted that "[d]ue to the fact that there is a special procedure followed in such cases, [service] is time consuming" and that it would seek an update on the process. *Id.*

On the same day, the office of Legal Assistance to Foreign Countries followed up on its previous email, informing Mr. Elsalameen's counsel that "[t]he relevant authority at the Israeli Ministry of Justice has confirmed that this request is still under execution." **Exhibit D**. The email noted that "[o]nce we will receive another update regarding this case, you will be notified." *Id.* Again, the email did not state how long service would take or when it would be completed. *See id.* Thus, while the email correspondence did show some progress, after over six months of waiting, Mr. Elsalameen was still left without any definitive assurance as to when the Bank of Palestine would be officially served by the Israeli Central Authority.

### Argument

Mr. Elsalameen respectfully requests that the Court find that service on the Bank of Palestine in this matter be deemed effective in accordance with Fed. R. Civ. P. 4(f) and (h) and Article 15 of the Hague Convention because: (1) the Complaint was transmitted by a method provided for in the Convention, (2) a period of more than six months has elapsed since the

transmission of the Hague Convention Service Request, and (3) no certificate of any kind has been received, even though Mr. Elsalameen has made every reasonable effort to obtain it through the Central Authority.

Fed. R. Civ. P. 4(h) provides that "a domestic or foreign corporation … that is subject to suit under a common name, must be served … at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(f), in turn, provides that "an individual … may be served at a place not within any judicial district of the United States … by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Thus, where service is properly effected under the Hague Convention, service is also effected under Rule 4. *See id.*

Article 15 of the Hague Convention provides:

> Each Contracting State shall be free to declare that the judge . . . may give judgment even if no certificate of service or delivery has been received, if all of the following conditions are fulfilled –
> a) the document was transmitted by one of the methods provided for in this Convention,
> b) a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,
> c) no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.

The United States has declared that, "[i]n accordance with the second paragraph of Article 15, it is declared that the judge may, notwithstanding the provisions of the first paragraph of Article 15, give judgment even if no certificate of service or delivery has been received, if all the conditions specified in subdivisions (a), (b) and (c) of the second paragraph of Article 15 are

4

fulfilled." See **Exhibit E** (United States Declarations Regarding Hague Convention); *see also Silverman v. Modulgranito Iberico, S.A.*, No. 89-0432-OG, 1990 U.S. Dist. LEXIS 5264, at *3 (D.D.C. April 30, 1990) (entering default under Hague Convention Article 15); *Marshauer v. Travelers Indem. Co.*, 145 F.R.D. 605, 609-10 (S.D. Fla. 1992) (finding that the "Court has the authority to enter an Order of Default in this matter, notwithstanding that Marschauser cannot demonstrate actual proof of service on Israel and the Consulate [under the Hague Convention].").

Here, the requirements of Article 15 of the Hague Convention have been satisfied. Mr. Elsalameen therefore respectfully requests that service be deemed effected under Fed. R. Civ. P. 4, so that he may proceed to vindicate his rights before the Court.[1] Mr. Elsalameen has waited patiently for over six months, as the Hague Convention requires. But now that sufficient time has elapsed, and given the Bank of Palestine's notice of the pendency of this action and the uncertainties surrounding formal service, Mr. Elsalameen respectfully submits that he should be allowed to move forward with this case.[2]

### I. Mr. Elsalameen's Hague Convention Request was Transmitted by a Method Provided for in the Hague Convention.

Both the United States and the State of Israel are party to the Hague Convention. The Hague Convention provides that "[t]he . . . judicial officer competent under the law of the State in which the documents originate shall forward to the Central Authority of the State addressed a request conforming to the model annexed to the present Convention, without any requirement of

---

[1] Mr. Elsalameen is providing the Bank's U.S. counsel with a courtesy copy of this filing by email so that they will have an opportunity to respond if they so choose.

[2] If the Court finds that it should allow additional time for the Israeli Central Authority to effect service or to certify that it has not or cannot effect service, Mr. Elsalameen alternatively requests that the Court further extend the period of time to complete service of process until May 31, 2017, at which point Mr. Elsalameen requests that the Court deems service effected, if formal service has not yet occurred.

204030821.1

legalization or other equivalent formality." Hague Convention Art. 3.[3] Article 4 of the Hague Convention requires that, "[i]f the Central Authority considers that the request does not comply with the provisions of the present Convention[,] it shall promptly inform the applicant and specify its objections to the request." If the request complies with the Hague Convention, "[t]he Central Authority of the State addressed shall itself serve the document or shall arrange to have it served by an appropriate agency[.]" Hague Convention Art. 5.

The State of Israel asserts jurisdiction with respect to service of process under the Hague Convention in areas subject to the jurisdiction of the Palestinian National Authority, with the proviso that documents to be served be translated into both Hebrew and Arabic. *See* **Exhibit G**. The Israeli Central Authority is Administration of Courts, 22 Kanfei Nesharin Street, Jerusalem 95464, Israel. *Id.*

Bank of Palestine is a public shareholding company organized under the laws of the Palestinian National Authority and is headquartered in Ramallah. *See* Complaint (Dkt. No. 1) ¶ 6. As an entity in Palestinian territory, service on it through the Israeli Central Authority under the Hague Convention is proper.

Here, Mr. Elsalameen, through counsel, submitted his Hague Convention request for service of the Complaint with the requisite forms and translations to the Israeli Central Authority on October 10, 2016, and the Israeli Central Authority received the request on October 13, 2016. (Dkt. No. 6, Exh. H ¶ 7). The Israeli Central Authority has not objected to service or otherwise suggested that the request does not comply with the requirements of the present Hague Convention. *See* **Exhibit D** (noting only that Mr. Elsalameen's request "is still under execution"). Accordingly, Mr. Elsalameen submits that he has properly transmitted his Hague

---

[3] The United States has clarified that "any attorney" is a person "competent to forward service requests pursuant to Article 3" of the Hague Convention. *See* **Exhibit F.**

6

Convention Service Request by one of the methods provided for in the Hague Convention.

**II.     More Than Six Months Have Elapsed Since Submitting the Service Request.**

The Court may "give judgment" against a foreign defendant if, assuming the other requirements of Article 15 of the Hague Convention are met, "a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document[.]" Hague Convention Art. 15.  Here, the Israeli Central Authority received Mr. Elsalameen's Hague Convention Service Request on October 13, 2016. Thus, more than six months have elapsed since transmission of the documents to be served, thereby meeting the requirements of the Rule.

Moreover, the specific facts and circumstances of this particular case militate strongly toward finding this time period to be "adequate" for service under the Hague Convention.  *See id.*  Notably, Mr. Elsalameen's counsel notified Bank of Palestine's counsel of this suit on October 19, 2016.  *See* **Exhibit A**.  While its counsel declined to accept service, this shows that the Bank has had notice of the pendency of this action for over six months as well.  This notice satisfies the purpose behind Rule 4's service requirements, and counsels against allowing additional time before deeming service effective under Hague Convention Article 15.  *See Ali v. Mid-Atlantic Settlement Services, Inc.*, 233 F.R.D. 32, 36 (D.D.C. 2006) ("the rules governing service of process are utilized for the purpose of providing a likelihood of bringing actual notice to the intended recipient … and actual notice satisfies the due process requirement and provides the court with personal jurisdiction.").[4]

Similarly, the uncertainty surrounding when service will formally be effected by the Israeli Central Authority further counsels towards finding this six-month period "adequate"

---

[4] This case has also generated attention in the local, regional, and international press.

7

under the Hague Convention. As discussed above, the Israeli Central Authority has *not* informed undersigned counsel, in accordance with Article 4 of the Hague Convention, that it objects to the request for service. (Dkt. No. 6, Exh. H ¶ 8; Dkt. No. 7, Exh. B ¶ 8). Instead, service is merely "still under execution" due to the "special procedure" followed by the Israeli Central Authority in serving documents in the Palestinian Authority. *See* **Exhibits C and D**. Although Mr. Elsalameen has submitted all of the proper documentation, it is unclear when the Israeli Central Authority will act to formally serve the Summons and Complaint, except that the Central Authority noted that this is a "time consuming" process. *See* **Exhibit C**.

Given (1) the Bank of Palestine's notice of this suit; (2) the fact that all substantive requirements for service have been met; and (3) the uncertainty as to when the Complaint and supporting papers will formally be served by the Israeli Central Authority, Mr. Elsalameen respectfully submits that there is no need to extend the Hague Convention's time requirements beyond the six month period prescribed by the statute. Accordingly, the Court should find the six-month time period since Mr. Elsalameen's submission of his Complaint to the Israeli Central Authority "adequate" under the Hague Convention and that Article 15's requirement has been met. *See id.*[5]

### III. Notwithstanding Reasonable Efforts, Mr. Elsalameen has Received No Certificate of Any Kind.

The final requirement for entering a default (or deeming service effective) under Article 15 of the Hague Convention is that "no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State

---

[5] As noted above, if the Court finds that it should allow additional time for the Israeli Central Authority to effect service or to certify that it has not or cannot effect service, Mr. Elsalameen alternatively requests that the Court further extend the period of time to complete service of process until May 31, 2017, at which time the Court should deem service effected.

204030821.1

addressed." Hague Convention Art. 15(c). Here, the Israeli Central Authority has provided no certificate of any kind in response to Mr. Elsalameen's Hague Convention Service Request.

Mr. Elsalameen, through counsel, requested an update regarding service of process from the Israeli Central Authority on February 3, 2017, providing a self-addressed, prepaid Federal Express envelope for return correspondence. (Dkt. No. 7, Exh. B). Mr. Elsalameen's counsel also inquired by email regarding the status of service using the contact email address the Israeli Central Authority has provided to the Hague Conference on Private International Law. **Exhibit B**. While the Israeli Central Authority did respond to counsel's email on April 20, it noted only that "this request is still under execution," and that counsel would "receive another update regarding this case" at some unspecified time in the future. *See* **Exhibit D**. Having received neither a certificate under Article 15 nor any timeline for when such a certificate will be received after multiple follow-up inquiries, Mr. Elsalameen submits that he has met the requirements of Article 15(c) of the Hague Convention. *See Silverman*, 1990 U.S. Dist. LEXIS 5264, at *3 (unacknowledged and unanswered correspondence and follow-up inquiry to Spain's Central Authority sufficient to satisfy Hague Convention Art. 15(c)).

Accordingly, Mr. Elsalameen respectfully requests that the Court find that the requirements of the Hague Convention have been satisfied and hold that service has been effected on the Bank of Palestine. After waiting patiently for more than six months, Mr. Elsalameen respectfully submits that the time has come for his suit to commence.

## IV.   Conclusion.

Having met the requirements of Article 15(c) of the Hague Convention, and in light of the fact that Defendant Bank of Palestine's counsel has had notice of this action since mid-October 2016, and for the foregoing reasons, Mr. Elsalameen respectfully requests that the Court

find that service of the Summons and Complaint on the Bank of Palestine in this matter has been effected under Fed. R. Civ. P. 4.  In the alternative, Mr. Elsalameen respectfully requests that the Court further extend the period of time to complete service of process until May 31, 2017, at which time the Court should deem service effected.

Dated:  May 2, 2017

Respectfully submitted,

**FADI ELSALAMEEN**

By:   /s/ Benjamin G. Chew
Benjamin G. Chew (D.C. Bar No. 418577)
Nigel L. Wilkinson (D.C. Bar No. 466221)
Rory E. Adams (D.C. Bar No. 986549)
Manatt, Phelps & Phillips LLP
1050 Connecticut Avenue NW, Suite 600
Washington, DC 20037
Telephone:   (202) 585-6637
Facsimile:   (202) 585-6600
Email:   bchew@manatt.com
Email:   nwilkinson@manatt.com
Email:   radams@manatt.com

*Counsel for Plaintiff Fadi Elsalameen*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on the 2nd day of May 2017, a true and correct copy of the foregoing will be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to any counsel of record. I further certify that I will provide a true and correct courtesy copy of the foregoing by electronic mail to the following counsel to the Bank of Palestine:

Mary Gately, Esq.
DLA Piper, LLP
500 Eighth Street, NW
Washington, DC 20004
Telephone: (202) 799-4507
Fax: (202) 799-5507
Email: mary.gately@dlapiper.com

/s/ Benjamin G. Chew
Benjamin G. Chew (D.C. Bar No. 418577)
Manatt, Phelps & Phillips LLP
1050 Connecticut Avenue NW, Suite 600
Washington, DC 20037
Telephone:    (202) 585-6637
Facsimile:    (202) 585-6600
Email:        bchew@manatt.com

*Counsel for Plaintiff Fadi Elsalameen*

204030821.1