UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JAN 16 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| FADI ELSALAMEEN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 16-CV-1976 (ABJ) |
| BANK OF PALESTINE, P.L.C., | ) |
| Defendant. | ) |

## INTERIM STIPULATION AND PROTECTIVE ORDER FOR PURPOSES OF LIMITED JURISDICTIONAL DISCOVERY

Plaintiff Fadi Elsalameen ("Elsalameen") and Defendant Bank of Palestine, P.L.C. ("Bank of Palestine") stipulate as follows with respect to the limited jurisdictional discovery ordered by the Court on November 27, 2018 (the "Protective Order"):

1. Documents, discovery responses, and any other information produced in the above-captioned action ("Discovery Materials") shall be used only for the prosecution or defense of the above-captioned action, and any appeal therefrom, and shall not be reproduced, quoted, referenced or otherwise used for any other purpose. Such prohibited uses of Discovery Material include, but are not limited to, social media posts, posts on websites, or using other means to publicize the Discovery Materials on the Internet.

2. As used in this Protective Order, "Confidential Information" means Discovery Materials designated on their face as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by the Bank of Palestine that fall within one or more of the following categories: (a) information and documents whose disclosure would cause material competitive injury to the Bank of Palestine; (b) information and documents that reveal trade secrets or undisclosed intellectual property; (c) research, technical, commercial or financial information and documents that the Bank

of Palestine has maintained as confidential; and/or (d) information that would disclose, on its own or in the aggregate, the identity of any customer or shareholder of the Bank of Palestine. Discovery Materials that are available to the public may not be designated as Confidential Information.

3. The Bank of Palestine may designate Discovery Materials as Confidential Information for protection under this Protective Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Protective Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be applied before or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Protective Order. Any copies that are made of any documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

4. If the Plaintiff disagrees with the designation of certain Discovery Materials as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," the Plaintiff shall provide notice to the Bank of Palestine containing a list of disputed designations and the reason for the dispute. Upon the provision of notice the parties will meet and confer in good faith to come to agreement regarding the disputed designations. If the parties cannot agree, the Plaintiff may ask the Court to resolve the disagreement. The burden of persuasion and proof to establish that Discovery

Materials fall within one or more of the categories set forth in Section 2 above is on the Bank of Palestine.

5. (a) Confidential Information produced or provided by the Bank of Palestine may be disclosed to Plaintiff, Plaintiff's counsel who have formally appeared in the Lawsuit(s), Plaintiff's counsel's staff, and contract attorneys. Confidential Information also may be disclosed to any consultants and experts (and their respective staff) retained by Plaintiff for testimonial or non-testimonial purposes, provided that all such person(s) have first signed the Agreement to be Bound by Protective Order (Attachment A). The Plaintiff and Plaintiff's counsel are not required to sign the Agreement to be Bound by Protective Order (Attachment A), but are nevertheless bound by the terms of this Protective Order. Nothing in this Protective Order shall preclude or otherwise limit the Bank of Palestine from disclosing Confidential Information as it deems necessary to carry out its business or defend against this lawsuit. Absent agreement of the Parties or a Court order, Confidential Information may not be disclosed to any other persons or entities not provided for in this Protective Order. Anyone not permitted to receive Confidential Information under this Protective Order, but who otherwise gains access to Confidential Information pursuant to agreement of the Parties, must sign the undertaking in Attachment A to be bound by this Protective Order before reviewing any Confidential Information.

(b) Confidential Information may also be disclosed to the Court and its personnel, the jury, and witnesses (whether during a deposition or trial testimony). When Confidential Documents are used in connection with any pretrial motion or otherwise filed with the Court in this Lawsuit they shall be filed with a motion for leave to file under seal, as required by LCvR 5.1(h). Parties may use Confidential Information at a deposition without seeking a Court Order to do so. However, neither the deponent nor any other party not otherwise entitled to the Confidential Information

pursuant to this Order may retain any copies of the Confidential Information, and any Party may choose to designate portions of any deposition transcript as Confidential Information by so stating on the record at the deposition. Any Party may, within 20 days after receipt of the deposition transcript, mark additional portions of the transcript as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." Where a receiving Party wishes to disclose Confidential Information at trial, it must alert the producing Party and the Court with sufficient warning so that the producing Party has the opportunity to object to the Confidential Information being disclosed or to request that the Confidential Information be filed under seal and/or remain under seal.

(c) Control of Documents and Confidential Information. Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Other than court personnel, the recipient of any Confidential Information that is provided under this Order shall maintain such materials in a secure and safe area to which access is limited, or otherwise use available methods to restrict access to qualified persons only, and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own highly confidential proprietary information. Confidential Information shall not be copied, reproduced, summarized or abstracted, except to the extent that such copying, reproduction, summarization or abstraction is reasonably necessary for the conduct of this litigation. All such copies, reproductions, summaries and abstractions shall be subject to the terms of the Order, and labeled in the same manner as the designated material on which they are based.

6. An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document. If a Party designates a document as Confidential Information after it was initially produced, the receiving Party, on notification of

the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Protective Order. No Party shall be found to have violated this Protective Order for failing to maintain the confidentiality of material during a time when that material was not designated Confidential Information.

7. (a) If a receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving Party must so notify the designating Party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. The notification must include a copy of the subpoena or order.

(b) The receiving Party also must immediately (and in no event more than three court days after receiving the subpoena or order) inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order. In addition, the receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Protective Order and to afford the designating Party in this case an opportunity to try to protect its Confidential Information in the court or other tribunal from which the subpoena or order issued. The designating Party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to (i) disobey a lawful directive from another court or other tribunal, or (ii) fail to comply with a subpoena to which there has been no challenge or for which a challenge has been rejected in an order that has become final. The

obligations set forth in this paragraph remain in effect while the Party has in its possession, custody or control Confidential Information produced by the other Party to this case.

8. Within thirty days after the end of the Lawsuit, or the end of all appeals, if any, all documents marked "CONFIDENTIAL – SUBJECTIVE TO PROTECTIVE ORDER" pursuant to this Protective Order shall, at the option of the Party in possession, either: (1) be returned to the producing Party, or (2) be destroyed, with a certificate of destruction provided to the producing Party. Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

9. This Protective Order shall be subject to modification only in writing signed or acknowledged in writing (including e-mail acknowledgment) by counsel for all of the Parties in the Lawsuit and order of the Court.

10. This Protective Order shall take effect when fully executed and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Protective Order by its terms.

11. Unless modified by the Parties pursuant to Section 10, this Protective Order shall be applicable solely to the jurisdictional discovery ordered by the Court on November 27, 2018, shall not be applicable to subsequent discovery in any future stage or phase of this litigation, and shall be without value as a precedent with respect to a subsequent protective order in any future stage of this litigation. Neither Party, by virtue of stipulating to this Protective Order, shall be deemed to have waived any rights or conceded anything with respect to subsequent discovery in any future stage or phase of this litigation, or any subsequent protective order with respect thereto.

12. The receiving Party must inform the producing Party of any disclosures (inadvertent or purposeful) of Confidential Information that violates the terms of this Order. All reasonable measures will be taken to recall any Confidential Information disclosed in violation of this Order. In the case that such information cannot be recalled, the producing Party may require the person(s) to which the information was disclosed to sign the attached acknowledgement (Attachment A). The receiving Party's failure to comply with any of the terms of this Order may result in, among other repercussions, sanctions, injunction, and/or money damages.

13. By stipulating to the entry of this Protective Order, the Parties do not waive any right to object to disclosing or producing any Confidential Information on any ground not addressed in this Order. Similarly, the Parties do not waive any right to object on any ground to the use in evidence of any Confidential Information covered by this Order.

14. The Parties agree that they will continue to be bound by this Order notwithstanding the final disposition of the Lawsuit. The Parties agree that this Order shall be binding upon the Parties and their respective successors, assigns, agents, affiliates, and representatives.

15. The failure to enforce any term or condition of this Order is not intended and shall not act as a waiver of any future breach or of any right or remedy under this Order or applicable law. Any waiver in any particular instance of the rights and limitations contained herein will not be deemed, and is not intended to be, a general waiver of any rights or limitations contained herein, and shall not operate as a waiver beyond the particular instance.

16. The invalidity or unenforceability of any particular provision of this Order will not affect its other provisions, and this Order will be construed in all respects as if such invalid or unenforceable provision were omitted.

17. The Parties, their counsel, and any other individuals signing this Order represent that they have read and understand its provisions, had the opportunity to retain and consult with counsel prior to signing, and will not deny the validity of this Order on the grounds that they did not obtain advice of counsel. They further represent that they have signed the Order as a free and considered act, are authorized to stipulate to this Order on behalf of the respective Party, and will take reasonable steps to ensure compliance with this Order.

18. In the event that this Order is violated, the Court shall award damages as it deems appropriate, as well as all attorney's fees incurred by the party seeking enforcement and any other appropriate remedy.

It is so stipulated.

By: *Mary E. Gately*
Mary E. Gately, Esq. (#419151)
Matthew Graves, Esq. (#481052)
DLA Piper LLP (US)
500 8th Street, NW
Washington, DC, 20004
(T) 202-799-4507 (Gately)
(T) 202-799-4469 (Graves)
(F) 202-799-5507 (fax)
mary.gately@dlapiper.com
matthew.graves@dlapiper.com

Julie A. Gryce, Esq. (#988319)
DLA Piper LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101-4297
(T) 619-699-2743
(F) 619-764-6743
julie.gryce@dlapiper.com

*Counsel for Defendant Bank of Palestine, P.L.C.*

By: *Richard Shore /scs*
Richard Shore (D.C. Bar No. 420736)
GILBERT LLP
1100 New York Avenue, NW, Suite 700
Washington, DC 20005-6133
(T) 202-772-2317
(F) 202-772-3333
shorer@gotofirm.com

*Counsel for Plaintiff Fadi Elsalameen*

SO ORDERED this 16th day of January, 2019.

Amy Berman Jackson
UNITED STATES DISTRICT JUDGE

## **ATTACHMENT A**

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, [print or type full name] of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order ("Order") that was entered in the Lawsuit styled as *Fadi Elsalameen v. Bank of Palestine, P.L.C.*, No. 16-cv-1976 (ABJ), pending in the U.S. District Court for the District of Columbia. I agree to comply with and be bound by all the terms of this Order and I understand and acknowledge that failure to do so could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any Confidential Information that is subject to this Order to any person or entity except in strict compliance with the provisions of the Order.

I further agree to submit to the jurisdiction of the U.S. District Court for the District of Columbia for the purpose of enforcing the terms of the Order.

[Insert Name]                                                                    Date
Subscribed and Sworn
before me on the _____ day
of _____, 2019.

_____
Notary Public in and for the State of [insert]