# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

**No. 19-7117**                                        **September Term, 2020**

FILED ON: OCTOBER 23, 2020

FADI ELSALAMEEN,
        APPELLANT

v.

BANK OF PALESTINE, P.L.C.,
        APPELLEE

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:16-cv-01976)

———

Before: GARLAND and PILLARD, *Circuit Judges*, and SENTELLE, *Senior Circuit Judge*

### J U D G M E N T

The court has considered this appeal on the record from the United States District for the District of Columbia, and on the briefs and oral arguments of the parties. The court has given the issues full consideration and has determined that they do not warrant a published opinion. *See* FED. R. APP. P. 36; D.C. CIR. R. 36(d). It is hereby

**ORDERED AND ADJUDGED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff Fadi Elsalameen appeals from the district court's dismissal of his complaint for lack of personal jurisdiction, arguing that personal jurisdiction was proper under the District of Columbia's long-arm statute, D.C. CODE § 13-423(a)(4). On the record before the court the plaintiff is unable to establish any of the three "plus factors" required to obtain personal jurisdiction under that statute. *See Crane v. Carr*, 814 F.2d 758, 762 (D.C. Cir. 1987). The record evidence does not show that the defendant "[1] *regularly* does or solicits business, [2] engages in any other *persistent* course of conduct, or [3] derives *substantial* revenue from goods used or consumed, or services rendered, in the District of Columbia." D.C. CODE § 13-423(a)(4) (emphases added).

We also deny the plaintiff's request that we remand with instructions to allow him to take additional jurisdictional discovery into the defendant's contacts with governmental

-2-

entities and the International Finance Corporation ("IFC"). At no point in the district court litigation did the plaintiff contend that the District of Columbia's "government contacts exception," *see Env't Research Int'l, Inc. v. Lockwood Greene Eng'rs*, 355 A.2d 808, 813 (D.C. 1976), was inapplicable to the defendant's contacts with those entities or the IFC. Notably, after the defendant invoked the exception, the plaintiff failed to contest it--whether in opposition to motions to dismiss for want of personal jurisdiction filed both before and after defendant's assertedly inadequate production, or by motion to compel production of the withheld information. As a result, the plaintiff's undifferentiated request for jurisdictional discovery did not alert the district court of the legal objection he now raises. Accordingly, that contention was forfeited. *See Gov't of Manitoba v. Bernhardt*, 923 F.3d 173, 179 (D.C. Cir. 2019) ("Absent exceptional circumstances, a party forfeits an argument by failing to press it in district court.").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Michael C. McGrail
Deputy Clerk